# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SWAROVSKI NORTH AMERICA LIMITED,<br>           Plaintiff<br><br>v.<br><br>PRICELESS UNLIMITED, INC.<br>           Defendant | C.A. No. |

## COMPLAINT

Plaintiff Swarovski North America Limited ("Swarovski"), by its undersigned counsel, brings this action against Defendant Priceless Unlimited, Inc. ("Priceless") for breach of contract, open book account and unjust enrichment, and for its Complaint alleges as follows:

## PARTIES

1. Swarovski is a Rhode Island corporation with its principal place of business at One Kenney Drive, Cranston, Rhode Island 02920.

2. Priceless is, upon information and belief, a Minnesota corporation with its principal office located at 2305 Louisiana Avenue N, Golden Valley, Minnesota 55427.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Priceless pursuant to R.I. Gen. Laws § 9-5-33 and Section 2.12 of the parties' contractual agreement, pursuant to which Priceless "consents to and confers personal jurisdiction on the state and federal courts located within the State of Rhode

Island…and agrees that any such litigation shall be brought only in the state or federal court with the State of Rhode Island."

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 and the parties' contractual agreement.

## FACTUAL ALLEGATIONS

6. Swarovski is a world-famous manufacturer and distributor of high-quality loose crystals, crystal products, jewelry and other fine, luxury products that incorporate crystals or the branding of SWAROVSKI.

7. Priceless is a wholesale distributor of, inter alia, loose crystals and/or other products purchased from Swarovski.

8. The parties entered into a contractual agreement, pursuant to which Priceless agreed to purchase and pay for certain products from Swarovski.

9. Attached hereto as Exhibit 1 and incorporated by reference herein is a statement of the accounts payable by Priceless, showing that Priceless owes Swarovski the total sum of $394,166.94 on account of products sold, delivered and invoiced by Swarovski.

10. Pursuant to the parties' contractual Terms & Conditions of Sale, Priceless is also indebted to Swarovski for a service charge of 12% per annum on past due amounts and responsible for all of Swarovski's costs of collection, including reasonable attorneys' fees.

11. Despite repeated demand, Priceless has refused to pay the amounts outstanding.

12. As a proximate cause of Priceless' breaches of its contractual obligations, Swarovski has suffered damage in an amount not less than $394,166.94, plus interest, costs, and attorneys' fees.

## COUNT I
### (Breach of Contract)

13. Swarovski incorporates by reference the allegations set forth above as if fully set forth herein.

14. The parties entered into a valid and binding contractual agreement, pursuant to which Swarovski agreed to supply certain product and Priceless agreed to pay for such products, all on terms and conditions agreed to by the parties.

15. Unless otherwise excused, Swarovski has performed all conditions, covenants, and promises required under the parties' contract.

16. Priceless has breached the parties' contract by failing and refusing to pay the sum of $394,166.94 owed to Swarovski.

17. As a result of Priceless' breach, Swarovski has been damaged in the amount of not less than $394,166.94, plus interest, costs, and attorneys' fees.

## COUNT II
### (Book Account)

18. Swarovski incorporates by reference the allegations set forth above as if fully set forth herein.

19. As of the date of this Complaint, Swarovski's books and records indicate that Priceless owes Swarovski $394,166.94.

20. Priceless has failed to pay said sum to Swarovski.

21. Therefore, Priceless owes Swarovski the amount of $394,166.94, plus interest, costs, and attorneys' fees.

## COUNT III
**(Unjust Enrichment)**

22. Swarovski incorporates by reference the allegations set forth above as if fully set forth herein. To the extent necessary, this Count is pleaded in the alternative to the other Counts herein.

23. Swarovski has conferred a benefit upon Priceless in the form of products sold.

24. Priceless has appreciated the benefit through its retention and resale of the subject products.

25. Price accepted the benefit under circumstances that it would be inequitable for Priceless to retain such benefit without paying the value thereof.

26. The value of the benefit conferred is $394,166.94.

27. Priceless' unjust enrichment has come at the expense and to the detriment of Swarovski.

28. Therefore, Priceless should be required to pay Swarovski the sum of $394,166.94, plus interest, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Swarovski North America Limited, respectfully requests that this Honorable Court enter judgment in its favor and against Priceless Unlimited, Inc. in the amount of:

    a. $394,166.94, plus

    b. interest pursuant to the parties' contract and R.I. Gen. Laws § 9-21-10 at the rate of 12% per annum, plus

    c. costs of suit, including reasonable attorneys' fees pursuant to the parties' contract and R.I. Gen. Laws § 9-1-45; and

      d.  or such other relief as the Court deems just and proper.

| | |
|---|---|
| DATED:  May 11, 2021 | Respectfully submitted, |
| | PLAINTIFF, |
| | SWAROVSKI NORTH AMERICA LIMITED. |
| | By Its Attorneys, |
| | PARTRIDGE SNOW & HAHN LLP |
| | */s/ Daniel E. Burgoyne* |
| | Daniel E. Burgoyne (#7541) |
| | Michael A. Gamboli (#4684) |
| | 40 Westminster Street, Suite 1100 |
| | Providence, RI  02903 |
| | (401) 861-8200 |
| | (401) 861-8210 FAX |
| | dburgoyne@psh.com |
| | mgamboli@psh.com |

4031792.4/3322-83